**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1783
_____

DAVID HATCHIGIAN,

Appellant

v.

NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION;
NATIONAL ELECTRICAL BENEFIT FUND
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-05297)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2014

Before:  CHAGARES, KRAUSE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 30, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant David Hatchigian appeals from the judgment entered against him

following a bench trial in the United States District Court for the Eastern District of

Pennsylvania on his claims arising under the Employee Retirement Income Security Act

(ERISA), 29 U.S.C. §§ 1001-1461. For the reasons detailed below, we will affirm the District Court's judgment.

Hatchigian is a retired member of the International Brotherhood of Electrical Workers (IBEW) Local 98; throughout his employment, he participated in the National Electrical Benefit Fund (NEBF), a pension plan sponsored by the IBEW. At issue in this case is the "effective date" of Hatchigian's early-retirement pension — that is, the date on which he was entitled to begin to receive his monthly pension.

The NEBF is governed by the NEBF Plan of Benefits, which provides that the effective date for purposes of early retirement will be the later of "(a) the month following the receipt of the Participant's pension application; (b) the month following the Participant's sixty-second (62nd) birthday; or (c) the month following the Participant's retirement from the electrical industry." Plan at ¶ 13.2. The parties agree that Hatchigian turned 62 on February 15, 2009, and retired on June 1, 2010. However, they dispute when the NEBF received Hatchigian's completed application. The NEBF has imposed a requirement — which is stated on the application form itself — that applicants submit original copies of the application. Hatchigian submitted applications in February 2009 (although he later withdrew this application and continued working) and June 2010, but, according to the NEBF, did not provide an original application until sometime in July 2010. Therefore, the NEBF calculated his effective date to be August 1, 2010.

Hatchigian then initiated this action in federal court pursuant to 29 U.S.C. § 1132(a)(1)(B), claiming that his effective date was either June 1, 2010, or July 1, 2010. The parties filed cross-motions for summary judgment. The District Court denied

Hatchigian's motion and granted the NEBF's motion in part, while concluding that reasonable jurors could dispute (1) whether the NEBF had provided notice of its original-application requirement to Hatchigian, and (2) whether Hatchigian submitted an original application in February 2010. The District Court then held a bench trial on these two issues. After taking evidence from Hatchigian and an NEBF employee, the Court entered judgment in favor of the NEBF, concluding that Hatchigian first supplied an original application to the NEBF in July 2010 and consequently was entitled to benefits beginning on August 1, 2010. Hatchigian then filed a timely notice of appeal to this Court. After Hatchigian appealed, the District Court awarded costs to the NEBF under Rule 68 of the Federal Rules of Civil Procedure, on the ground that the NEBF had offered to settle the case for $1,313 — the amount that Hatchigian receives each month for his pension — and Hatchigian rejected the offer and then obtained a less-favorable judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review a District Court's grant of summary judgment de novo. See Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). On appeal from a bench trial, our Court reviews a district court's findings of fact for clear error and its conclusions of law de novo. McCutcheon v. Am.'s Servicing Co., 560 F.3d 143, 147 (3d Cir. 2009). In cases like this one, where an ERISA plan's terms provide the plan administrator with discretionary authority to interpret the plan and determine benefits eligibility, the administrator's decision will be upheld unless

---

[1] We lack jurisdiction to review the District Court's order granting costs to the NEBF under Rule 68. Hatchigian filed a notice of appeal as to only the District Court's judgment on the merits; to appeal the subsequently issued Rule 68 order, he was required either to amend his notice of appeal or file a separate notice of appeal as to that order. See E.E.O.C. v. Wal-Mart Stores, Inc., 187 F.3d 1241, 1250 (10th Cir. 1999); Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 468-69 (7th Cir. 1999).

it is arbitrary and capricious.  See Miller v. Am. Airlines, Inc., 632 F.3d 837, 844 (3d Cir. 2011).

Hatchigian first challenges the District Court's enforcement of the original-application requirement.  Hatchigian stresses that he does not question the NEBF's authority to impose this requirement; rather, he maintains that the requirement did not actually exist when he submitted his applications.  This contention is belied by the record.  While Hatchigian testified in support of this claim, he was contradicted by Melissa Rand, a longtime employee in the NEBF's Pension Department.  Rand testified that this requirement was in effect during 2009 and 2010, stated that the requirement was consistently enforced without exception, and provided a copy of the application that was in force during the relevant time (and that contained this requirement).  The District Court's decision to credit Rand's testimony over Hatchigian's was not clearly erroneous.  See EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 273 (3d Cir. 2010) ("When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." (quotation marks, alteration omitted)).

Hatchigian also argues that if the requirement did exist, he did not receive notice of it.  Even assuming that lack of notice could obviate this requirement, which is not at all clear, see generally Ackerman v. Warnaco, Inc., 55 F.3d 117, 124 (3d Cir. 1995) (noting that "defects in fulfilling the reporting and disclosure requirements of ERISA do not give rise to a substantive remedy"), the evidence at trial squarely contradicted this claim.  As

4

the District Court observed, the NEBF kept "meticulous[]" records, which revealed that the version of the application in effect during this time (and which contained this requirement) was available online and was mailed to Hatchigian, and that Hatchigian was personally informed of the requirement over the telephone on multiple occasions. Thus, we cannot say that the District Court's finding on this issue was clearly erroneous. See generally Brown v. Owens Corning Inv. Review Comm., 622 F.3d 564, 571 (6th Cir. 2010) ("When a plan participant is given specific instructions on how to access plan documents, their failure to read the documents will not shield them from having actual knowledge of the documents' terms.").

Next, Hatchigian contends that the District Court should have refused to admit at trial the document containing the original-application requirement. Hatchigian contends that the NEBF "waited till the day of trial to supply written proof of the claimed original application requirement." While it is true that the Court can refuse to admit an exhibit as a sanction for party's failure to identify it in a timely manner, see U.S. S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 198 (3d Cir. 2000), that sanction was not called for here. In fact, the NEBF originally submitted this document in March 2013, nearly six months before the Court ruled on the summary-judgment motions and a year before trial. Thus, we discern no error in the District Court's decision to admit this evidence.[2]

Finally, Hatchigian argues that the District Court erred in failing to consider whether the NEBF operated under a conflict of interest. See generally Firestone Tire &

---

[2] In his reply brief, Hatchigian argues that the District Court improperly took judicial notice of certain evidence. However, we can find no indication that the District Court actually took judicial notice of any facts, and Hatchigian's argument therefore lacks merit.

<u>Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989) (ruling that when an ERISA plan grants discretion to the administrator, whether the administrator operates under a conflict of interest is a factor that must be weighed in determining if there was an abuse of that discretion).  However, Hatchigian did not raise this conflict-of-interest argument before the District Court, and we will not address the merits of this claim for the first time on appeal.  <u>See, e.g.</u>, <u>C.H. v. Cape Henlopen Sch. Dist.</u>, 606 F.3d 59, 73 (3d Cir. 2010).

Accordingly, we will affirm.  Hatchigian's request for oral argument is denied.